# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHELLE EVA MCDONALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11 C 9201 |
| ) | Judge Joan H. Lefkow |
| COMMISSIONER OF THE SOCIAL ) | |
| SECURITY ADMINISTRATION ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michelle Eva McDonald ("McDonald") filed this civil action to obtain benefits administered by the Social Security Administration ("SSA") pursuant to 42 U.S.C. §§ 301 *et seq.* (the "Social Security Act"). Defendant, the Commissioner of the Social Security Administration ("the Commissioner"), now moves to dismiss McDonald's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that McDonald failed to exhaust her administrative remedies and failed to state a colorable constitutional claim that would excuse her failure to exhaust.

**BACKGROUND**[1]

In December 2008, McDonald applied for supplemental security income and disability insurance benefits. (Compl. ¶ 77.) The SSA initially denied her application on March 30, 2009, and again on reconsideration on November 18, 2009. (*Id.* ¶ 82; Dkt. #9-1, Weigel Decl. ¶ (3)(a) & Exs. 2 & 3.)[2] McDonald sought a hearing before an Administrative Law Judge ("ALJ"), which was held on September 16, 2010. (No. 11-C-1425, Dkt. #12-1, Jones Decl. ¶ (3)(c), Ex. 4.) McDonald was notified that a supplemental oral hearing was scheduled for March 2, 2011 at which time she could present consultative exam results and other medical documents. (*Id.* ¶ (3)(d), Ex. 6.) She appeared at the March 2, 2011 hearing, which was again continued to July 14, 2011. (No. 11-C-9201; Compl. ¶ 103; Weigel Decl. ¶ (3)(c).)[3]

On March 1, 2011, one day before the supplemental oral hearing was to take place, McDonald brought a civil action in this court to "obtain benefits administered by the [SSA]." (No. 11-C-1425, Compl. at 1.)

On June 23, 2011, McDonald was mailed a notice advising her that she was scheduled for a hearing in front of the ALJ on July 14, 2011. (No. 11-C-9201, Weigel Decl. ¶ (3)(c), Ex. 5.) The notice informed McDonald that failure to appear without good cause might result in a dismissal of her request for a hearing. (*Id.* Ex. 5.) On July 7, 2011, McDonald informed the hearing officer that she would not attend the hearing due to her federal case, which was still

---

[1] The facts are taken from the complaint and public records of administrative proceedings and are construed in the light most favorable to McDonald. *See Patel* v. *City of Chicago*, 383 F.3d 569, 572 (7th Cir. 2004); *Otis* v. *Madigan*, 115 Fed. App'x 315, 316 (7th Cir. 2004).

[2] The initial denial was mislabeled as Exhibit 3 but can be found at Dkt. #9-1 at 10 to 13 of 24.

[3] The regulations permit the ALJ to "stop the hearing temporarily and continue it at a later date if he or she believes that there is material evidence missing." 20 C.F.R. §§ 404.944, 416.1444.

2

pending at that time. (*Id.* Exs. 6 & 7.) After McDonald failed to appear, on July 22, 2011, the ALJ dismissed her request for a hearing for failing to appear without good cause. (*Id*. ¶ (3)(f), Ex. 8.) As such, the reconsideration notice dated November 18, 2009 remained in effect. (*Id*. ¶ (3)(f).) McDonald then filed a request for review of the ALJ's dismissal order, but the Appeals Council denied her request. (*Id.* ¶ (3)(g)-(h), Exs. 9 & 10.)

On July 19, 2011, prior to the ALJ's dismissal, this court granted the Commissioner's motion to dismiss on the grounds that McDonald had failed to exhaust her administrative remedies and gave McDonald leave to re-file her complaint after she received a final decision by the Commissioner. (No. 11-C-1425, Dkt. #19.) On August 18, 2011, McDonald moved under Rule 60(b)(3) for relief from the judgment of this court dismissing her complaint for benefits. (*Id.* Dkt. #20.) McDonald argued that the ALJ's decision to dismiss her request for a hearing was retaliatory. (*Id.*) On February 24, 2012, the Seventh Circuit Court of Appeals affirmed this court's order dismissing McDonald's complaint for failure to exhaust her administrative remedies and declined to rule on the denial of McDonald's Rule 60(b)(3) motion, which was not properly noticed for appeal. *See McDonald* v. *Astrue*, 465 F. App'x 554, 557 (7th Cir. 2012), *cert. denied* No. 12-5465, 133 S. Ct. 351 (2012). McDonald now attempts to pick up where she left off in her previous federal case arguing that she has exhausted her administrative remedies, and even if she has not, she is still entitled to benefits because her constitutional claims are colorable.

## ANALYSIS

**I.       Failure to Exhaust Administrative Remedies**[4]

The Commissioner argues that McDonald has failed to exhaust her administrative remedies and consequently has not obtained a judicially reviewable "final decision" under the Social Security Act. Section 405(g) is the exclusive jurisdictional basis for judicial review of cases arising under the Act. *See* 42 U.S.C. § 405(g); *Washington* v. *Comm'r of Soc. Sec.,* No. 1:09CV262, 2010 WL 404433, at *2 (N.D. Ind. Jan. 26, 2010). To obtain review under § 405(g), a claimant must first obtain a "final decision of the Commissioner of Social Security made after a hearing to which [the plaintiff] was a party." 42 U.S.C. § 405(g); *see Califano* v. *Sanders*, 430 U.S. 99, 108, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977); *Giacone* v. *Schweiker*, 656 F.2d 1238, 1242 (7th Cir. 1981). Although the term "final decision" is not defined by the Act, the associated regulations instruct that "a claimant obtains a judicially reviewable final decision only if [she] completes the administrative appeals process and receives either (1) a decision by the Appeals Council or (2) notice from the Appeals Council that it is denying [her] request for review of an ALJ's decision." *Washington*, 2010 WL 404433, at *3 (citing 20 C.F.R. §§ 404.981, 416.1481, 422.210); *see Giacone*, 656 F.2d at 1242 ("[T]he regulations define a 'final decision of the Secretary' for the purpose of Section 405(g) as a decision rendered by the Appeals Council which either reviews or denies review of a determination made by an ALJ after an evidentiary hearing on the merits of the claim.") (citing 20 C.F.R. §§ 404.940, 404.951).

---

[4] Although this court previously dismissed McDonald's claim for benefits for failure to exhaust administrative remedies, *see* No. 11-C-1425, Dkt. #19, the court does not believe that issue preclusion bars McDonald's present claim because subsequent to the court's previous ruling (1) the ALJ dismissed McDonald's request for a hearing for failing to appear without good cause; (2) McDonald filed a request for review of the ALJ's dismissal order; (3) which the Appeals Council denied. Thus, the administrative record in the previous case was not identical to the current record.

Here, the ALJ found that McDonald had not established good cause for failing to appear at her July 14, 2011 hearing and dismissed her hearing request. The reconsideration notice dated November 18, 2009 denying benefits thus remained in effect. That was not a "final decision" as contemplated by the Act. Instead, the Seventh Circuit has held that "[b]y refusing to attend [a hearing before the ALJ], [a plaintiff] 'waive[s] [her] opportunity for a hearing and fail[s] to exhaust the administrative remedy upon which judicial review depends.'" *Davenport* v. *Astrue*, 417 F. App'x 544, 546 (7th Cir. 2011) (quoting *Hoye* v. *Sullivan,* 985 F.2d 990, 991 (9th Cir. 1992)). The ALJ did not reach the merits of McDonald's claim and, as such, she is precluded from seeking judicial review in this court under § 405(g). *Cf. Garza* v. *Chater*, 981 F. Supp. 464, 469 (N.D. Ill. 1995) (holding that claimant failed to exhaust her administrative remedies where "[t]he ALJ did not purport to make a final decision on the merits of [her] claim; rather, the ALJ only determined that she had not established good cause for her late filing"). McDonald's complaint will therefore be dismissed unless she can demonstrate that it presents a colorable constitutional claim.

## II.     Failure to State a Colorable Constitutional Claim

The court may excuse McDonald from exhausting her administrative remedies if she presents a constitutional claim 1) that is collateral to her claim for benefits, 2) colorable, and 3) whose resolution does not serve the purpose of exhaustion. *See Sanders*, 430 U.S. at 108–09; *Mathews* v. *Eldridge*, 424 U.S. 319, 330–32, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976); *Giacone*, 656 F.2d at 1243; *Brooks* v. *Secretary*, No. 94 C 7374, 1997 WL 790728, at *3 (N.D. Ill. Dec. 22, 1997). The purpose of the exhaustion requirement is to "allow[] the agency to correct its own errors, foster[] the compilation of an adequate record, and afford[] the parties the benefit of

the agency's expertise." *Marcus* v. *Sullivan*, 926 F.2d 604, 614 (7th Cir. 1991). A claim is not "collateral" if is "essentially a claim for benefits, that is, the claim is not merely challenging the merits of the Commissioner's determination." *Stengel* v. *Callahan*, 983 F. Supp. 1154, 1159 (N.D. Ill. 1997). A claim is not colorable if it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial or frivolous." *Bell* v. *Hood,* 327 U.S. 678, 682–83, 66 S. Ct. 773, 90 L. Ed. 939 (1946); *see also Carr* v. *Tillery*, 591 F.3d 909, 917 (7th Cir. 2010) ("A suit that is utterly frivolous does not engage the jurisdiction of the federal courts."). McDonald argues that she has satisfied these requirements because 1) the decision to deny her benefits was arbitrary and capricious; 2) the Commissioner violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* (the "ADA"), by failing to properly assist her with her applications for disability benefits from state and federal agencies;[5] 3) the Commissioner violated the Eighth Amendment to the U.S. Constitution by withholding medical treatment; and 4) the Commissioner violated the due process clause by failing to rule on her claim for benefits within 270 days. (Compl. at 25–32.) None of these purported constitutional claims excuses McDonald's failure to exhaust her administrative remedies.

First, McDonald asserts that the Commissioner's decision to deny her benefits was arbitrary and capricious because the medical evidence demonstrated that she met the definition of disabled under the Act and is therefore entitled to benefits. This claim is not collateral to her

---

[5] The court will not consider McDonald's additional allegation that the Commissioner discriminated against her because the ALJ made statements related to McDonald's ethnic background at the March 2, 2011 hearing that she found improper and offensive. This allegation was not raised in the complaint and is not consistent with the allegations of disability discrimination found therein. *See* Pl.'s Resp. at 10; *Flying J., Inc.* v. *City of New Haven*, 549 F.3d 538, 542 n.1 (7th Cir. 2008) ("[A]dditional facts can be presented as long as they are consistent with the complaint.").

claim for benefits; rather, McDonald appears to challenge the merits of the Commissioner's decision. This is insufficient to excuse her default. *See Johnson*, 922 F.2d at 353 (a claim is collateral when the "plaintiffs' claims are essentially to the policy itself, not its application to them, nor to the ultimate substantive determination of their benefits"); *see generally* 2 BARBARA SAMUELS, SOC. SEC. DISAB. CLAIMS PRAC. & PRO. § 19:17 (2nd ed.) ("[T]he exhaustion requirement may be waived where plaintiff complains of a fundamental procedural irregularity in contrast to substantive standards for eligibility for disability benefits."); CAROLYN A. KUBITSCHEK, JON C. DUBIN, SOC. SEC. DISAB. LAW & PRO. IN FED. COURT § 7:28 (updated Mar. 2012) ("[I]ndividuals do not have a constitutional right to receive Social Security benefits. . . . Therefore, claimants may not seek to avoid exhausting administrative remedies simply by arguing that the Social Security Administration wrongfully denied or withheld Social Security benefits from them.").

Second, McDonald argues that the Commissioner violated the ADA by failing to assist her with her application for benefits, withholding documents, and failing to conduct necessary hearings.[6] As an initial matter, the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.*, not the ADA, applies to McDonald's claim because the SSA is a federal agency. *See* 29 U.S.C. § 794(a); *Silk* v. *City of Chicago*, 194 F.3d 788, 798 n.6 (7th Cir. 1999). Regardless, McDonald's claim fails because a claim under the Rehabilitation Act is statutory, not constitutional, in nature. Moreover, McDonald's complaint is devoid of facts demonstrating that

---

[6] McDonald also alleges that the Commissioner failed to assist her with her state disability applications and withheld public welfare assistance. (*See* Compl. at 30.) The Commissioner is not responsible for administering state welfare programs and these allegations fail to state a cognizable claim against the Commissioner.

the Commissioner discriminated against her because of her disability. *See, e.g., Garg* v. *Potter*, 521 F.3d 731, 736 (7th Cir. 2008) (to recover under the ADA, the plaintiff must "suffer[] an adverse . . . decision because of [her] disability"); *Silk*, 194 F.3d at 798 n.6 (elements of ADA claim and Rehabilitation Act claim are "substantially similar"). McDonald's allegations are therefore insufficient to sustain an action under the Rehabilitation Act or the ADA.

Third, McDonald argues that the Commissioner violated the Eighth Amendment by withholding medical treatment, but she fails to allege that she was incarcerated or that the Commissioner somehow controlled the conditions of her confinement. *See Farmer* v. *Brennan*, 511 U.S. 825, 832, 834, 110 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (discussing the elements of an Eighth Amendment claim); *Rodriguez* v. *Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) ("The Eighth Amendment safeguards the prisoner against a lack of medical care that may result in pain and suffering which no one suggests would serve any penological purpose.") (internal quotation marks omitted); *see generally* WILLIAM LINDSLEY, 60 AM. JUR. PENAL & CORRECTIONAL ETC. § 24 (2d ed.) ("Generally, the constitutional proscription against cruel and unusual punishment limits the conditions under which the state may confine persons convicted of crimes."). The Eighth Amendment does not apply.

Finally, McDonald's due process claim is of little consequence because this claim was considered and rejected by the Seventh Circuit, which held that "[t]here is no due process right to have one's supplemental security or disability insurance benefits adjudicated in less than 270 days." *McDonald*, 465 Fed. App'x at 556. This claim is barred by the doctrine of issue

preclusion. *See Chicago Truck Drivers, Helpers & Warehouse Union (Indep.) Pension Fund* v. *Century Motor Freight, Inc.*, 125 F.3d 526, 530 (7th Cir. 1997).[7]

**ORDER**

For the foregoing reasons, this court finds that it lacks subject matter jurisdiction to consider McDonald's claims and the Commissioner's motion to dismiss (#9) is granted without prejudice. Plaintiff's avenue of relief, if any, in within the Social Security Administration.[8]

ENTER:

Date: February 27, 2013

_____
Joan Humphrey Lefkow
UNITED STATES DISTRICT COURT

---

[7] McDonald has failed to demonstrate that she satisfies the conditions for interim benefits and the court declines to award them. *See generally* 42 U.S.C. § 402, 405, 423, 1381a; CAROLYN A. KUBITSCHEK, JON C. DUBIN, SOC. SEC. DISAB. LAW & PRO. IN FED. COURT §§ 9:64– 9:70 (updated Mar. 2012).

[8] "Dismissal of a request for a hearing is binding, unless it is vacated by an ALJ or Appeals Council." 20 C.F.R. § 404.959. A request to vacate a dismissal must be made within 60 days of the date the claimant received notice of the dismissal and must state why the dismissal was erroneous. *Id.* § 404.960. Nonetheless, the claimant may reapply for benefits going forward.

9